**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| **FELICIA JOHNSON, on behalf of herself and all others similarly situated,** | **CASE NO.:** <br> **DIVISION:** |
| **Plaintiff,** | |
| v. | **CLASS REPRESENTATION** <br> **JURY TRIAL DEMANDED** |
| **HEARTLAND PAYMENT SYSTEMS, LLC., a foreign Limited-liability company,** | **INJUNCTIVE RELIEF** |
| **Defendant.** _____/ | |

## CLASS ACTION COMPLAINT

Plaintiff, FELICIA JOHNSON (hereinafter "Plaintiff") on behalf of herself and all others similarly situated, by and through her undersigned counsel, brings this class suit against Defendant, HEARTLAND PAYMENT SYSTEMS, LLC ("Heartland") (hereinafter "Defendant"), and alleges:

### I.   INTRODUCTION

1. This is a class action brought under the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.* and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. This action arises out of the Defendant's illegal efforts to collect consumer debts. Defendant's letters are meant to threaten imminent and certain legal action which it had no intention or ability of taking in an effort to collect consumer debts which were time-barred, in violation of the FCCPA and FCDPA.

## II.   JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to the Plaintiff's action occurred in this State and district, where the Plaintiff resides, and where the Defendant transacts business.

## III.   PARTIES

5. Plaintiff, Felicia Johnson, is a natural person who resides in Jacksonville, Duval County, Florida and is a "consumer" as that term is defined by Florida Stat. §559.55(8) and 15 U.S.C. § 1692a(3). Plaintiff has standing to bring a claim under the FCCPA and the FDCPA because she was directly affected by violations of these Acts, and was subjected to Defendant's illegal and improper debt collection activities.

6. Defendant, Heartland is doing business in Duval County, Florida as Heartland ECSI, one of the many divisions of Global Payments, Inc. and is at all times mentioned in this complaint, a "debt collector" as referred to in Florida Stat. §559.55(7). At all material times herein, Defendant was a "debt collector" as defined by the 15 U.S.C.A. § 1692a(6). Defendant is a collection corporation headquartered in Atlanta, Georgia. Defendant is not licensed as a consumer collection agency in Florida.

## IV.   FACTUAL ALLEGATIONS

7. The Plaintiff allegedly incurred a "consumer debt" to ECPI College of Technology (a technical college in Virginia) as that term is defined under Section 559.55(6), Fla. Stat. and 15 U.S.C.A. § 1692a(5).

8. Later letters from Defendant also demonstrate that this was *not* a school loan debt, but rather a debt for unpaid institutional expenses. *See Exhibit B*.

9. More than fifteen years ago, ECPI University sued Plaintiff and received a District Court judgment against her in the amount of approximately $900.

10. That judgment debt was later transferred or assigned to the Defendant for the purpose of collection.

11. In May 2018, Plaintiff Johnson began receiving debt collector letters from Defendant, claiming that she owed almost $4,000 for a debt originally incurred from "ECPI – College of Technology." *Exhibit A.*

12. The collection letters stated in part:

**A judgment has been awarded against you for your loan. You are required to submit the judgment amount plus interest as shown on this student loan billing statement. Payment must be submitted by the due date shown on this statement.**

*Exhibit A.*

13. The letters from Defendant did not provide a case name, court information, or even date of judgment.

14. Plaintiff, despite diligent inquiry, has not been able to find any judgment against her that Defendant or ECPI – College of Technology has claimed as Virginia destroys all court records that are older than ten years, with a few exceptions. This judgment against Plaintiff was destroyed.

15. The Code of Viginia § 16.1-94.1. states, "Limitations on enforcement of district court judgments.´ For judgments entered in a general district court on or after January 1, 1985, no execution shall be issued or action brought on such judgment, including a judgment in favor

of the Commonwealth, after ten years from the date of such judgment except as provided in § 16.1-69.55 B 4.

16. Upon information and belief, the Defendant has a practice and policy of sending dunning letters stating that a "judgment was awarded against you" despite the fact that the judgment was entered more than ten years ago and was time-barred. Although Defendant knew the judgements were time-barred, it still decided to send the Debt Collection Letters to Plaintiff and the Class.

17. Although it is not improper for a debt collector to seek re-payment of time-barred debts, the debt collector must take caution with the language it uses in its communications that seek to collect such debts. The FTC requires debt collectors, including debt buyers, to make disclosures to prevent deception in collecting on time-barred debts.

18. Heartland does not mention anywhere in its letter that the debt is time-barred and unenforceable, but rather that the judgment must be paid.  Plaintiff and other consumers understand that a "judgment" means that a creditor can levy on personal property using the sheriff, garnish wages and lien real property.  Heartland bullied and threatened Plaintiff with the term "judgment."  From Plaintiff's perspective Defendant was brandishing a loaded gun directly at the Plaintiff's assets and wages. Plaintiff had no clue the Defendant's gun was illusory and unloaded.

19. In order to avoid creating a misleading impression as to the consequences of making a partial payment on a time-barred debt, the FTC takes the position that in addition to disclosing that debtor cannot be sued on the debt, debt buyers and debt collectors must disclose to the consumer that providing a partial payment would revive the collector's ability to pursue legal action to collect the entire balance. This is especially true when a consumer makes only one

or a few partial payments, thereby giving Heartland or its assignees (debts like these are frequently bought and sold) the ability to revive the debt and sue on the balance.

20. Defendant's letter fails to disclose the judgment was time-barred and unenforceable nor did it disclose the potential for revival of the debt that the and further, its collection methods are abusive, harassing, deceptive, and unfair since the Debt Collection Letter threatens the right to take action for a right that it does not have.

21. For purposes of the claims brought in this action, the applicable standard under the FDCPA in the Eleventh Circuit is "the least sophisticated" consumer test. *See. Jeter v. Credit Bureau, Inc.*760 F.2d 1168 at1172-75(11th Cir. 1985) (adopting the test enunciated in *Exposition Press Inc. v. FTC,* 295 F.2d 869 (2d Cir. 1961)). The principles underlying the FDCPA must be implemented for "the public-that vast multitude which includes the ignorant, the unthinking, and the credulous." Id. at 1172-73 (quoting in part *Fed. Trade Comm'n v. Standard Educ. Society*, 302 U.S. 112, 116, 58 S.Ct. 113 82 L.ed. 141 (1937).

## V. CLASS REPRESENTATION ALLEGATIONS

22. Pursuant to Federal Rule of Civil Procedure 23(a) ad (b)(3), Plaintiff brings this action for herself and on behalf of all other persons similarly situated.

*FDCPA CLASS*

23. The FDCPA Class is defined as:

> All consumers in the United States of America who received a letter from Defendant referencing a judgment when Defendant's judgment was time barred.

*FCCPA CLASS*

24. There is a further FCCPA sub-class defined as:

> All consumers in the State of Florida who received a letter from Defendant referencing a judgment when Defendant's judgment was time barred.

25. The Class Period for the FCCPA class begins two years prior to the filing of the original Complaint in this matter and ends when this Court issues an Order approving Class Notice.

26. The Class Period for the FDCPA class begins one year prior to the filing of the original Complaint in this matter and ends when this Court issues an Order approving Class Notice.

27. Plaintiff is unable to state the exact number of members of the Plaintiff Class because that information is solely in the possession of Defendant. However, the exact number of class members, including the names and addresses of all class members, will be easily ascertained through a review of Defendant's business records. The putative FDCPA Class exceeds several hundred consumers since Defendant operates throughout the United States and it uses the same form Letter *(Exhibit "A")* in connection with its collection efforts. In addition, the putative FCCPA Class also exceeds several hundred consumers in Florida since the Defendant operates in Florida with the same form Letter. Therefore, the putative Classes are so numerous that joinder of all members would be impracticable.

28. Questions of law and fact common to the Plaintiff Classes exist and predominate over questions affecting only individual members, including but not limited to, whether Defendant's Debt Collection Letters violate the FCCPA and FDCPA - specifically Florida Statutes 559.72(7)(9) and 15 U.S.C. § 1692e(5) when it is sent to consumers regarding an alleged consumer debt when Defendant had no enforceable judgment against the consumers.

29. The claims asserted by the named Plaintiff in this action are typical of the claims of the members of the Plaintiff Classes because, upon information and belief, Defendant uses standardized form letters when attempting to collect debts in Florida and the United States as a whole. The claims of the Plaintiff and of the Plaintiff Classes originate from the same conduct, practice, and procedure, on the part of Defendant. Plaintiff possesses the same interests and has suffered the same injuries as each Class member. There are no individual facts which distinguish

the Plaintiff from other Class members that received debt collection letters similar to **"Exhibit "A"** from Defendant.

30. The named Plaintiff will fairly and adequately represent and protect the interest of the members of the Plaintiff Classes because she has no interest antagonistic to the Classes she seeks to represent, and because the adjudication of her claims will necessarily decide the identical issues for other class members. Whether the Defendant's Debt Collection Letter sent to Plaintiff violates the FCCPA and FDCPA is an issue that will be decided for all other consumers with similar or identical letters. There is nothing peculiar about the Plaintiff's situation that would make her inadequate as Class Representative. Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

31. A class action is superior to other methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual Class member will be relatively modest, compared to the expense and burden of individual litigation. It would be impracticable for each Class member to seek redress individually for the wrongful conduct alleged herein because the cost of such individual litigation would be cost prohibitive as individual statutory damages for each violation are capped at $1,000.00. It would be difficult, if not impossible, to obtain counsel to represent Plaintiff on an individual basis for such small claims. More importantly, the vast majority of Class members are not aware that the debt collection letters used by Defendant violate the FCCPA and FDCPA, and a class action is the only viable means of adjudicating their individual rights. There will be no difficulty in the management of this litigation as a class action as the legal issues affect a standardized pattern of conduct by Defendant and class actions are commonly used in such circumstances.

32. Defendant also acted and refused to act on grounds generally applicable to the Classes, thereby making appropriate declaratory relief and corresponding final injunctive relief with respect to the Classes as a whole. Defendant should be enjoined from sending out collection letters that violate the FCCPA and FDCPA, such as the one it sent to Plaintiff.

**COUNT I: VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* ("FCCPA")**
**(FCCPA CLASS)**

33. Plaintiff, on behalf of herself and all others similarly situated, repeats and re-alleges each and every allegation contained in paragraphs 1 through 32 above as if fully set forth herein.

34. "The Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Co. of Jacksonville, 338 So. 2d 196, 200-01 (Fla. 1976).

35. At all times material herein, Plaintiff and the FCCPA Class members were "debtors" or "consumers" as defined by Fla. Stat. § 559.55(8).

36. At all times material herein, Plaintiff's debt and the debt of the FCCPA Class members were "debts" or "consumer debts" as defined by Fla. Stat. § 559.55(6).

37. At all times material herein, Defendant was a "person" as referred to under Fla. Stat. § 559.72.

38. The FCCPA uses the same definitions as the Fair Debt Collection Practices Act (FDCPA) for "consumer", "debt collector", and "debt or consumer debt". Fla. Stat. §§ 559.55(1), (2), and (6). The FCCPA expressly recognizes its interplay with the FDCPA, stating that "[t]his part is in addition to the requirements and regulations of the federal act", and directs that "[i]n the event of any inconsistency between any provision of this part and any provision of the federal

8

act, the provision which is more protective of the consumer or debtor shall prevail." Fla. Stat. §559.552.

39. Among the FCCPA's enumerated prohibitions, the relevant sections are as follows:

Prohibited practices generally. In collecting consumer debts, no person shall:

> (7) "… willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."
>
> (9) "…, or assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. §559.72(7)(9).

40. Defendant sent Plaintiff and all FCCPA Class members a similar, if not identical, Debt Collection Letter.

41. In relevant part, the Debt Collection Letter states that a judgment has been "awarded against you for your loan." ***See Exhibit A***.

42. By falsely claiming it has an judgment and by not disclosing the debt was time-barred and unenforceable, Defendant has violated Fla. Stat. § 559.72(7) and (9) by "willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass" the Plaintiff and the FCCPA Class and also "…, or assert the existence of some other legal right when such person knows that the right does not exist."

43. For purposes of the claims brought in this action, the applicable standard under the FCCPA is "the least sophisticated" consumer test. *See* Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1172-75 (11th Cir. 1985); *see also* Fla. Stat. § 559.552 (the FCCPA looks to the FDCPA for guidance).

44. As a direct and proximate result of Defendant's FCCPA violations, Plaintiff and the FCCPA Class have been harmed. Plaintiff and the Class are entitled to statutory damages, actual damages in the form of money paid to Defendant on the time-barred debt and attorney's fees and costs pursuant to Fla. Stat. § 559.77(2).

45. In addition, Plaintiff and the FCCPA Class seek a permanent injunction prohibiting Defendant from sending out collection letters similar to ***Exhibit A*** in the manner described above.

46. Because Defendant's actions were intentional, willful and/or without regard for Plaintiff's rights, Plaintiff reserves the right to seek punitive damages upon the showing of the records of evidence sufficient to form the basis of a claim for punitive damages.

## COUNT II: FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
## (FDPCA CLASS)

42. Plaintiff, on behalf of herself and all others similarly situated, repeats and re-alleges each and every allegation contained in paragraphs 1 through 32 above as if fully set forth herein.

43. This is an action seeking class wide relief for violation of the FDCPA to recover statutory and actual damages under 15 U.S.C.A. § 1692k(a)(2)(B) and attorney's fees and the costs of this action under 15 U.S.C.A. § 1692k(a)(3).

44. Each Debt Collection letter sent by Defendant is a "communication" as that term is defined by 15 U.S.C. § 1692a(2). At all material times herein, Plaintiff's debt and the debt of others similarly situated were consumer debts as defined by the FDCPA, 15 U.S.C.A. § 1692a(5).

45. At all material times herein, Plaintiff and others similarly situated were "consumers" as defined by the FDCPA, 15 U.S.C.A. § 1692a(3).

10

46.     At all material times herein, Defendant was a "debt collector" as defined by the 15 U.S.C.A. § 1692a(6).

47.     By sending Debt Collection Letters to Plaintiff and others similarly situated in the FDCPA Class, Defendant attempted to collect a debt and represented that it had an enforceable judgment to collect on when the judgment was time-barred and unenforceable.  This conduct violates 15 U.S.C. § 1692e, which prohibits the use of false, deceptive, or misleading representations in connection with the collection of a debt by threatening to take legal action that it could not take.  By referring to the "judgment" but not disclosing it had expired, Defendant falsely represented the "legal status" of the debt.

48.     As a direct and proximate result of Defendant's FDCPA violations, Plaintiff and others similarly situated have been harmed.  Plaintiff, and others similarly situated, is entitled to statutory damages, actual damages in the form of money paid to Defendant on the time-barred debt under 15 U.S.C. § 1692k(a)(2)(B) and attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

49.     For the purpose of the claims brought in this action, the applicable standard under the FDCPA is "the least sophisticated" consumer test.  See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1172-75 (11th Cir. 1985).

50.     This is an action seeking class wide relief for Defendant's pattern and practice of attempting to collect on unenforceable time-barred judgments against the Plaintiff and the Class Members.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter an Order:

a. Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as Class Representative, and appointing the undersigned Counsel to act as Class Counsel;

b. Adjudging that Defendant violated the FDCPA sections enumerated above, and awarding Plaintiffs and Class members actual damages in the form of money paid to Defendant on the time-barred debt and statutory damages pursuant to 15 U.S.C. § 1692k;

c. Adjudging that Defendant violated the FCCPA, Fla. Stat. § 559.72(7)(9), and awarding Plaintiffs and Class members actual in the form of money paid to Defendant on the time-barred debt and statutory damages pursuant to Florida Statutes § 559.77(2);

d. Permanently enjoining Defendant from sending collection letters similar to *Exhibit A* in the manner described in this lawsuit;

e. Permanently enjoining Defendant from threatening Plaintiff and the Class in the manner described in this lawsuit;

f. Awarding Plaintiff, and all those similarly situated, reasonable attorney's fees and costs incurred in this action pursuant to Florida Statutes § 559.77(2) and 15 U.S.C. § 1692k(a)(3).;

g. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law; and

h. Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 2, 2018

By:   /s/ Max Story
**Max Story, P.A.**
Florida Bar No: 527238

                Austin J. Griffin, Esq.
                Florida Bar No: 0117740
                328 2nd Avenue North, Suite 100
                Jacksonville Beach, FL  32250
                Telephone: (904) 372-4109
                Facsimile:  (904) 758-5333
                *max@storylawgroup.com*
                *austin@storylawgroup.com*
                Attorney for Plaintiff